## Sours's Estate

Before Lamorelle, P. J., and Gest, Henderson, Van Dusen, Stearne and Sinkler, JJ.

The facts appear from the adjudication of

Van Dusen, J., Auditing Judge.—Testator died November 19, 1929, leaving a will of which a copy is attached hereto, whereby he gave his entire estate to his wife, Athalia B. Sours, for life, but made no disposition of the rest of his estate. By codicil he gave $100 to the Father Rector of St. Peter's Catholic Church. Athalia B. Sours died before him and his only next of kin is his son, William G. Sours.

Letters testamentary were granted to the accountant on November 26, 1929; proof of publication of the grant of same was submitted and is hereto annexed.

Receipt duly countersigned for transfer inheritance tax was produced in the sum of $70.35, paid February 13, 1930.

A claim was presented by Feasterville Realty Company for $245, with interest, a total of $278.36, due on a written contract dated September 22, 1926, for the purchase of real estate for $480. Decedent's payments stopped with his death, and since his death the claimant has been asking for the balance of purchase money both of the son (who is sole next of kin and executor) and of the son's counsel. The claimant never tendered a deed or brought a suit. The executor's account was filed May 21, 1932, and the claim is presented to this court as soon as the claimant has had opportunity.

The contract is for $480. The receipt book shows payment for $225. But the claimant only claims $245. Mr. Longbottom claimed another credit of $50, to wit, the initial $50 payment. But there is no receipt for that (the contract does not acknowledge receipt of this sum) except in the receipt book, where it appears in instalments, and is part of the $225. At page eight Mr. Longbottom appears to waive the question of amount and to rest upon a point of law as follows:

The contract contains the following clause:

"It is further agreed that in case default is made in the payments of any one or more monthly installments for the space of three months, the said party of the first part shall have the right at his option to rescind said contemplated sale. All installments paid shall be retained by the party of the first part as liquidated damages for the breach of this contract and this agreement shall be void."

It is claimed that this clause gives the option to the claimant either to demand the balance of purchase money or to rescind the contract and retain what has been paid as liquidated damages, and that this option must be exercised within a reasonable time. It is argued that the lapse of nearly three years since the last payment was made is an unreasonable delay, and that the failure to tender

a deed and demand the purchase money has fixed the claimant with an exercise of the option to rescind.

It seems to me that prima facie the right of the claimant is to the balance of the purchase money, and that if he does not act within a reasonable time he may be taken to have lost his right to rescind, which is rather a harsh right, particularly where over half of the purchase money has been paid. However, I find that the claimant has been diligent in demanding the balance of the purchase money, beginning as soon after the death of the decedent as he could get in touch with the son and his counsel, and that he is presenting his claim at the first opportunity. He is not bound to tender a deed where no purchase money is offered.

I allow the claim of the Feasterville Realty Company in the sum of $278.36, conditioned upon delivery of a deed in accordance with the contract at time of payment.

*Albert S. Longbottom,* of *Byron, Longbottom, Pape & O'Brien,* for exceptant.

*Michael Edelman,* contra.

LAMORELLE, P. J., December 16, 1932.—The force of the argument made by the executor and next of kin is without weight on the facts of the case as found by the auditing judge. The option to terminate the contract was with the seller, but he was not confined to such option. The testimony submitted warranted the finding of the auditing judge that the delay did not act as an estoppel, and in view of such finding we dismiss the exceptions and confirm the adjudication absolutely.